# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NORTH AMERICAN MECHANICAL, Inc.,**

        Plaintiff,

     -vs-                                            **Case No. 15-C-556**

**WALSH CONSTRUCTION COMPANY II, LLC,
TRAVELERS CASUALTY & SURETY COMPANY
OF AMERICA, and MERCY HEALTH SYSTEM
CORPORATION,**

        Defendants.

## DECISION AND ORDER

The "first duty in every suit" filed in federal court is to "determine the existence of subject-matter jurisdiction." *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). The plaintiff, North American Mechanical, Inc., alleges that the Court may exercise diversity jurisdiction in this case. 28 U.S.C. § 1332(a)(1). The Court cannot because according to the allegations in the complaint, the parties are not completely diverse.

To exercise federal subject matter jurisdiction in diversity, no plaintiff may be a citizen of the same state as any defendant, and the amount in controversy must exceed $75,000. *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). The state citizenship of a corporation for purposes of federal diversity jurisdiction is the state where

the corporation is incorporated and the state where the corporation has its principal place of business, meaning, that is, where the corporation maintains its headquarters or "nerve center." § 1332(c)(1); *Ill. Bell Tel. Co. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008).

The complaint alleges that North American is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Windsor, Wisconsin. The Court takes the phrase "organized and existing" to refer to the place of incorporation. The complaint also alleges that one of the defendants, Mercy Health System Corporation, is a corporation organized and existing under the laws of the State of Delaware. Thus, the Court lacks jurisdiction because the plaintiff and one of the defendants are citizens of Delaware.

North American could choose to drop Mercy from this lawsuit and proceed against the remaining defendants. Such a result seems unlikely because the complaint refers to Mercy as a "necessary party" to this action. Therefore, the Court will dismiss this matter for lack of subject matter jurisdiction. If North American does want to amend its complaint and proceed against the remaining defendants, it could do so in conjunction with a motion to alter or amend the judgment or for relief from judgment. *See* Fed. R. Civ. P. 59(e), 60. If North American chooses this course of

action, it must correct more errors in the complaint.

First, the complaint alleges that defendant Walsh Construction Company II, LLC is a limited liability company "organized and existing under the laws of the State of Illinois, …" The citizenship of an LLC is determined by the citizenship of each of the LLC's members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). An amended complaint must identify Walsh's members and the citizenship of those members.[1] *See, e.g, Anderson v. Matrixx Initiatives, Inc.*, No. 10-765-GPM, 2010 WL 3998785, at \*2 (S.D. Ill. Oct. 12, 2010).

Second, the complaint alleges that defendant Travelers Casualty & Surety Company of America is a corporation organized and existing under the laws of the State of Connecticut. The complaint also alleges that Travelers is "authorized to conduct business" in Wisconsin. This is not the same as saying that a corporation's principal place of business or "nerve center" is located in a particular state. The allegations respecting Mercy suffer from the same defect.

This matter is **DISMISSED** for lack of subject matter jurisdiction. The Clerk of Court is directed to enter judgment accordingly.

---

[1] As an aside, and as referenced in the complaint, a separate lawsuit between North American and Walsh is currently being tried before Magistrate Judge William Duffin, Case No. 12-CV-598 (E.D. Wis.) A quick review of the complaint in that action reveals the same jurisdictional deficiencies with respect to the citizenship of Walsh.

Dated at Milwaukee, Wisconsin, this 12th day of May, 2015.

                        **SO ORDERED:**

                        */s/ Rudolph T. Randa*
                        **HON. RUDOLPH T. RANDA**
                        **U.S. District Judge**